JOSEPH E. BERNSTEIN ET AL., DEFENDANTS, v. FERDINAND DEMMERT, PROSECUTOR.

Argued June 12, 1905—Decided November 13, 1905.

The prosecutor entered into possession of certain premises under a written lease for the term of five years from May 1st, 1903, at a yearly rental, payable in equal monthly payments in advance. The lessor had a life estate only, and by his death, which occurred during the term of the lease, the title to the demised premises vested in remaindermen until it was by them conveyed to the defendants in *certiorari*, by whom landlord and tenant proceedings to dispossess the prosecutor were instituted by a one month's notice, dated and served on December 30th, 1904, requiring possession to be delivered to them on February 1st, 1905. *Held*—

(1) That such notice was insufficient to terminate the tenancy.

(2) That the mere fact that the prosecutor, after the death of the life tenant, continued the monthly payments, first, to the remaindermen, and afterwards, to the defendants in *certiorari*, did not make him a tenant from month to month, no question as to the character of such payments having arisen and no new agreement having, in point of fact, been made.

On *certiorari* to the First District Court of Jersey City.

Before Justices GARRISON and GARRETSON.

For the prosecutor, *Walter L. McDermott.*

For the defendants, *John L. Keller.*

The opinion of the court was delivered by

GARRISON, J.   This writ of *certiorari* brings up a landlord and tenant proceedings brought to recover possession of leased premises, upon the ground that the tenancy had been terminated by a legal notice.   The notice that had been given was a one month's notice, and the only question is whether such notice was sufficient.   The facts to be dealt with are stated in the landlord's affidavit as follows : The prosecutor took possession of the premises under an agreement made with Augustus H. Vanderpoel, acting as committee of the estate of one Henry Long.   This agreement, which was a lease for the term of five years from May 1st, 1903, at a yearly rental of $1,800, payable in equal monthly payments of $150, in advance, was immediately recorded.   The said Henry Long had a life estate only, and on November 16th, 1903, died, whereby the title to the leased property vested in certain remaindermen who, on the 28th day of November, 1904, conveyed the premises to the defendants in *certiorari* by whom landlord and tenant proceedings to dispossess the prosecutor were instituted by a notice dated and served on December 30th, 1904, requiring possession to be delivered to them on the 1st day of February, 1905.   The affidavit further states that after the death of the life tenant the prosecutor continued the payments of $150 per month without having made any new agreement touching the letting of the premises, and that after the defendants in *certiorari* purchased the property the prosecutor continued to make the same monthly payments to them without any new agreement.

Upon proof of these facts, without material modification, the District Court adjudged that the defendants in *certiorari*

were entitled to possession, thereby deciding that a month's notice was sufficient to terminate the tenancy and hence necessarily adjudging that the prosecutor was a tenant from month to month. I am unable to concur in this result or to find any support for it either in the affidavit of the landlord or in the facts certified by the District Court. If the prosecutor was a monthly tenant he was so by force of some agreement. The only agreement made by him was the one under which he entered into possession and that was a lease for a term of years. The affidavit states and the District Court found that no new agreement had been made. The rental reserved by the only agreement ever made was a yearly rental, payable in installments of $150 per month, in advance; this the tenant paid continuously and without any question touching its character from the day he took possession in 1902 until it was refused by the present owners in 1904.

This course of dealing, standing alone and nothing more appearing, will not justify the inference that the prosecutor by continuing such monthly payments evinced by implication a purpose to enter into a new agreement of letting, viz., from month to month. All of the facts found by the court below touching the conduct of the parties rebut such an inference, chief among which is that both the remaindermen and the defendants in *certiorari* had actual knowledge of the terms of the prosecutor's lease and accepted the monthly payments which he continued to make without any new agreement or so far as the case shows without ever raising any question as to the character of such payments.

Beyond the mere fact, therefore, that these monthly payments were thus made, there is nothing upon which an implied tenancy from month to month can rest, and obviously this circumstance itself is not sufficient to raise such an implied letting. Where the original letting is for one month, or where monthly payments begun and continued without any express agreement are clearly referable to current terms of that duration, it is the natural and hence the legitimate inference that the minds of the parties had met upon a monthly tenancy; hence such relationship will be implied,

but where the circumstances under which monthly payments are made repel such a relationship as a matter of fact the court will not imply it as a matter of law.

Whether immediately upon the death of the life tenant the prosecutor became a trespasser or a tenant at sufferance or a holding over tenant for years need not now be decided. The question on which the jurisdiction of the court below depended was whether he then was or has since become a tenant from month to month. That he did not become so by force of any agreement made by him has been expressly found by the trial court, and that he did not become so by force of any agreement the law will make for him is the result I have reached upon the admitted facts of the case and the other circumstances certified to this court in response to its rule.

The judgment of the First District Court of Jersey City should be reversed.